FILED

2009 May-08  PM 03:52
U.S. DISTRICT COURT
N.D. OF ALABAMA

FILED

'09 MAY -5  PM 3:39

U.S. DISTRICT COURT
N.D. OF ALABAMA

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## NORTHEASTERN DIVISION

| | | |
|---|---|---|
| JEREMIAH ELLISON, | ) | |
| | ) | |
| PLAINTIFF, | ) | |
| | ) | **CIVIL ACTION NO.:** |
| VS. | ) | |
| | ) | **JURY DEMAND** |
| CITY OF SCOTTSBORO., | ) | |
| | ) | CV-09-B-0884-NE |
| Defendant. | ) | |

## COMPLAINT

### I.  INTRODUCTION

1.  This is an action for declaratory judgment, equitable relief, and money damages, instituted to secure the protection of and to redress the deprivation of rights secured by Title VII of the Civil Rights Act of 1964 as amended by the Civil Rights Act of 1991, codified at 42 U.S.C. §§ 2000e *et seq.* and 42 U.S.C.  § 1981a.

### II.  JURISDICTION, VENUE AND ADMINISTRATIVE PREREQUISITES

2.  The jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1331, 1343, 2201 and 2202.  Venue is proper in the Northern District of Alabama Northeastern Division under 28 U.S.C. §1391(b).

3.  Plaintiff has fulfilled all conditions precedent to the institution of this action under Title VII of the Act of Congress, known as the Civil Rights

Act of 1964, as amended, the Civil Rights Act of 1991, and 42 U.S.C. Section 2000e *et seq*. Plaintiff timely filed his charge of discrimination within 180 days of occurrence of the last discriminatory act. Plaintiff timely filed his lawsuit within 90 days of the receipt of his Right-To-Sue Letter from the Equal Employment Opportunity Commission.

## III.   PARTIES

4.   Plaintiff, Jeremiah Ellison, is an African American male citizen of the United States and a resident of the State of Alabama. Plaintiff was hired by Defendant on February 19, 2001, and is currently employed by Defendant.

5.   Defendant, The City of Scottsboro, is an employer within the meaning of that term as used in Title VII and § 1981a. At all times pertinent to the matters alleged herein, Defendant has employed fifteen (15) or more employees.

## IV.   FACTUAL ALLEGATIONS

6.   Plaintiff began working with Defendant on February 19, 2001, as a Laborer I.

7.   On or around March 2, 2002, Plaintiff was promoted to the position of Truck Driver.

2

8.    In March 2006, Plaintiff filed an EEOC Charge against Defendant alleging racial harassment, denial of promotions and discriminatory discipline.

9.    In July 2006, Defendant promoted Plaintiff to his current Equipment Operator position and settled Plaintiff's EEOC Charge in August 2006.

10.   Plaintiff has performed his job well and has been an asset to the company as evidenced by his good evaluations.

11.   In 2008, Plaintiff applied for three position in the street department, and Defendant selected three less qualified white males over him for those vacancies.

12.   In February 2008, Plaintiff applied for the General Maintenance position. Defendant denied Plaintiff an interview for that position and selected a less qualified white male named Rod Hancock over Plaintiff for that position.

13.   In March 2008, Plaintiff applied for the Equipment Operator II position. The newly appointed Superintendent, Ronney Dolberry, who began his employment with Defendant in early 2008, allowed candidates to train for several weeks on the equipment they would operate on the job. While Plaintiff was training, Superintendent Dolberry called Plaintiff

3

"boy" and told Plaintiff he did not know why he was even training for the job -- indicating Plaintiff was wasting his time.  Dolberry selected a less qualified white male, Jeremy Bullock, for that position.

14.  In May 2008, Plaintiff applied for an Equipment Operator II position, and Defendant, in particular Superintendent Dolberry, selected a less qualified white male named Dennis Sharp for that position.  During Plaintiff's interview for that position, Superintendent Dolberry told Plaintiff that one of the things they were looking at is he had filed a racial discrimination lawsuit in 2006, explaining to Plaintiff that "we don't need things like that."

15.  Defendant failed to articulate a legitimate non discriminatory reason for not promoting Plaintiff.

16.  On June 20, 2008, Plaintiff filed an EEOC Charge against Defendant alleging retaliation and racial discrimination.

17.  After Defendant received Plaintiff's EEOC Charge, Superintendent Dolberry retaliated against Plaintiff on or around July 14, 2008, by telling him he would be suspended for three days, July 22nd, 23rd and 24th for allegedly placing a discarded item found on the street into his own vehicle – a practice that white employees or employees who have not

engaged in protected activity have regularly done without being disciplined.

18. Plaintiff's foreman, Joe Rogers, told Plaintiff that if he dropped his EEOC Charge, the Defendant would not suspend him. Plaintiff did not drop his EEOC Charge, and Defendant suspended Plaintiff. Rogers made other comments to Plaintiff evidencing retaliatory animus on the part of the City.

## V.   CAUSES OF ACTION

### COUNT I – Race Discrimination in Violation of Title VII

19. Plaintiff re-alleges and incorporates by reference paragraphs 1-18 above with the same force and effect as if fully set out in specific detail herein below.

20. Plaintiff brings this Count pursuant to Title VII of the Act of Congress, known as the Civil Rights Act of 1964, as amended, 42 U.S.C. Section 2000e *et seq.*, 42 U.S.C. § 1981a.

21. Defendant denied Plaintiff promotions to higher paying positions because of his African-American race.

22. Defendant promoted less qualified white employees over Plaintiff, and Defendant suspended Plaintiff for an action that white employees

regularly do without being disciplined.

23.   Defendant failed to articulate a legitimate, non-discriminatory reason for

failing to promote Plaintiff and for suspending him.

24.   Defendant engaged in the practices complained of herein with malice

and/or with reckless indifference to Plaintiff's federally protected rights.

**COUNT II – Retaliation in Violation of Title VII**

25.   Plaintiff re-alleges and incorporates by reference paragraphs 1-24

above with the  same force and effect as if fully set out in specific detail

herein below.

26.   Plaintiff brings this Count pursuant to Title VII of the Act of Congress,

known as the Civil Rights Act of 1964, as amended, 42 U.S.C. Section

2000e *et seq.*, 42 U.S.C. Section 1981a.

27.   Defendant retaliated against Plaintiff by not promoting him and by

disciplining him for conduct that other employees who have not

engaged in protected activity have done without being disciplined.

28.   Defendant promoted less qualified employees over Plaintiff who have

not previously engaged in protected activity, and Defendant suspended

Plaintiff for an action that employees who have not engaged in

protected activity have been permitted to do without being disciplined.

29. Defendant has failed to articulate a legitimate, non-retaliatory reason for failing to promote Plaintiff and for suspending him.

30. Defendant engaged in the practices complained of herein with malice and/or with reckless indifference to Plaintiff's federally protected rights.

## VI.  PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that this Court assume jurisdiction of this action and after trial:

1. Issue a declaratory judgment that the employment policies, practices, procedures, conditions, and customs of Defendant are violative of the rights of Plaintiff, as secured by Title VII and 42 U.S.C. Section 1981a.

2. Grant Plaintiff a permanent injunction enjoining Defendant, its agents, successors, employees, attorneys, and those acting in concert with Defendant and at Defendant's request from continuing to violate Title VII as amended and 42 U.S.C. Section 1981a.

3. Enter an Order requiring Defendant to make Plaintiff whole by awarding him the position he would have absent discrimination or retaliation or front pay until a position becomes available, back pay (plus interest), punitive damages, compensatory damages, nominal damages, loss of benefits including retirement, pension, seniority, and other benefits of

employment.

4.    Plaintiff further prays for such other relief and benefits as the cause of

justice may require, including, but not limited to, an award of costs,

attorneys' fees, and expenses.

**PLAINTIFF DEMANDS A TRIAL BY STRUCK JURY**.

Respectfully submitted,

_____

Jon C. Goldfarb (ASB-5401-F58J)
Daniel E. Arciniegas (ASB-7809-D67A)
Counsel for Plaintiff

**OF COUNSEL:**
WIGGINS, CHILDS, PANTAZIS & QUINN LLC
The Kress Building
301 19th Street North
Birmingham, Alabama 35203
Telephone No.: (205) 314-0500
Facsimile No.: (205) 254-1500


**DEFENDANTS' ADDRESSES**:

City of Scottsboro
c/o Cathy O'Shields, City Clerk
316 South Broad Street
Scottsboro, AL 36768

9